Filed 8/3/21  P. v. Sanchez CA4/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>PEDRO SANCHEZ,<br><br>    Defendant and Appellant. | G059402<br><br>(Super. Ct. No. C-79027)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Kimberly Menninger, Judge.  Affirmed.

Lynelle K. Hee, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Robin Urbanski and Meredith S. White, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant Pedro Sanchez appeals from an order dismissing his petition for resentencing (Petition) under Penal Code section 1170.95 (all statutory references are to the Penal Code). We affirm.

## FACTS

In 1991, defendant was convicted by a court of second degree murder and sentenced to life in prison. In rendering the verdict, the trial court explained, "In reviewing the facts as I found them to be and applying the law to the facts, I would find that both defendants are guilty of murder in the second degree. I would find beyond a reasonable doubt that there is malice, that the requisite malice for a murder is present." We affirmed the conviction but reversed the judgment and remanded for resentencing in *People v. Sanchez* (Apr. 30, 1992, G011026 [nonpub. opn.]). Factual details concerning the crime are set out in our prior opinion.

In 2019, defendant filed the Petition. After appointing counsel and receiving briefing, the trial court summarily denied the Petition, finding the record of conviction demonstrated defendant was ineligible for relief as a matter of law. In denying the Petition, the trial court (1) assumed the original trial court applied the law of felony murder as it existed at the time of trial (citing *People v. Murillo* (2020) 54 Cal.App.5th 160, review granted Nov. 18, 2020, S264978 (*Murillo*)), and (2) concluded defendant was not eligible for resentencing because the record of conviction demonstrated he would have been convicted under the law of felony murder as it exists today.

Defendant timely appealed.

## DISCUSSION

Senate Bill No. 1437 was enacted to "amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless

2

indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) It accomplished that purpose by substantively amending sections 188 and 189 and adding section 1170.95.

Under section 188, subdivision (a)(3), as amended, "[m]alice shall not be imputed to a person based solely on his or her participation in a crime." And under section 189, as amended, to be liable for murder based on felony murder or a natural and probable consequences theory, a person must fall into one of the following categories of people: (1) the actual killer; (2) although not the actual killer, a person who intended to kill and assisted the actual killer in the commission of first degree murder; or (3) a major participant in the underlying felony who acted with reckless indifference to human life. (§ 189, subd. (e).)

Persons convicted of felony murder or murder under a natural and probable consequences theory may seek resentencing pursuant to section 1170.95. (*People v. Martinez* (2019) 31 Cal.App.5th 719, 723 (*Martinez*).) The process begins by the person filing "a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts." (§ 1170.95, subd. (a).) Next, the trial court appoints counsel, the prosecutor provides a written response to the petition, and the petitioner serves a reply. (§ 1170.95, subd. (c).) The trial court then evaluates whether the petitioner has made a prima facie showing of entitlement to relief. If the petitioner has made a sufficient showing, the trial court issues an order to show cause; if not, the trial court summarily denies the petition. (§ 1170.95, subd. (c); *People v. Lewis* (July 26, 2021, S260598)____Cal.5th____[pp.7-8].) In making this determination, the trial court may rely upon the record of conviction, including, where appropriate, any prior appellate opinion. (*People v. Lewis, supra*, ___ Cal.5th___ [pp. 22-24].)

In this case, the prosecution concedes the trial court's rationale for summarily denying defendant's petition under *Murillo* was erroneous. We agree and

accept this concession. While the facts of *Murillo* may be similar to the facts of this case, there are crucial procedural differences that render *Murillo* inapplicable.

The prosecution contends we should nevertheless affirm the challenged order because the original trial court found "beyond a reasonable doubt that there is malice, that the requisite malice for a murder is present." The prosecution reasons that finding would have been unnecessary if defendant had been convicted on a natural and probable consequences theory. And the prosecution contends "no other theory of second-degree murder would have been compatible with the [original] trial court's finding that [defendant] harbored malice."

In response, defendant contends the original trial court found only "malice," not that *defendant* personally harbored malice. By defendant's reading, the original trial court's finding is ambiguous and could have been a finding of express or implied malice (in which case defendant would not be eligible for relief), or could have been a finding of *imputed* malice (in which case defendant might be eligible for relief). (See *People v. Cruz* (2020) 46 Cal.App.5th 740, 751-752 (*Cruz*).) And, defendant argues, under these facts, the original trial court could well have relied upon the natural and probable consequences doctrine to find express or implied malice on the part of the actual shooter and impute that malice to defendant. Defendant also refers us to the statement in our prior opinion that the victim's death was "the natural and probable consequence of the close-range shooting Sanchez assisted and encouraged."

The prosecution has the better end of this argument. As the prosecution correctly points out, our statement that the victim's death was "the natural and probable consequence of the close-range shooting Sanchez assisted and encouraged" demonstrates defendant was convicted as a direct aider and abetter, not under a natural and probable consequences theory.

And defendant's reliance on *Cruz* is misplaced. As we said in *Cruz*, prior to the amendments to sections 188 and 189, """"if a person aids and abets only an intended

4

assault, but a murder results, that person may be guilty of murder, even if unintended, if it is a natural and probable consequence of the intended assault.""" The amended sections 188 and 189 eliminate this type of murder liability. While this theory of liability is arguably consistent with the original trial court's ambiguous malice finding malice, this case is factually distinguishable from *Cruz*.

In contrast to the scenario we described in *Cruz*, here the death was a natural and probable consequence of a "close-range shooting" encouraged and assisted by defendant, not a mere assault. There is no factual scenario under which defendant might have assisted and encouraged a "close-range shooting" of the victim without acting with implied or express malice. And the fact defendant encouraged and assisted the shooting (as opposed to a mere assault) is "readily ascertainable" because it is part of our prior opinion.

In sum, relief under section 1170.95 is available only to those "'convicted of felony murder or murder under a natural and probable consequence theory........'" (*Martinez, supra*, 31 Cal.App.5th at p. 723.) The record of conviction here definitively shows defendant is not such a person. Accordingly, the trial court correctly determined defendant was not eligible for relief under section 1170.95 as a matter of law. It follows the court did not err by dismissing the Petition without first issuing an order to show cause.

## DISPOSITION

The order is affirmed.

THOMPSON, J.

WE CONCUR:

BEDSWORTH, ACTING P. J.

FYBEL, J.

6